IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Shenzhen Super Top Innovation Technology Limited, Shenzhen (CN), | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:24-cv-07649 |
| v. | ) ) | District Judge John J. Tharp |
| The Partnerships and Unincorporated Associations Identified on Schedule "A", | ) ) ) ) ) | Magistrate Judge Jeannice W. Appenteng |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF A TEMPORARY RESTRAINING ORDER, INCLUDING A TEMPORARY ASSET RESTRAINT, AND EXPEDITED DISCOVERY**

**NOW COMES** Shenzhen Super Top Innovation Technology Limited, Shenzhen (CN) ("Plaintiff"), by and through Plaintiff's undersigned counsel, and submits this Memorandum in Support for Motion for Entry of a Temporary Restraining Order and Expedited Discovery ("Memo").

I. **INTRODUCTION**

Plaintiff filed Motion for Entry of a Temporary Restraining Order and Expedited Discovery ("TRO") on September 02, 2024. On September 03, 2024, the Honorable John J. Tharp gave an order by MINUTE entry [Dkt.13]. The order denied Plaintiff's TRO by four reasons, and set September 27, 2024 as the date for Plaintiff to renew and correct the TRO. Now, Plaintiff submits this Memo to answer the four reasons.

## II.     ARGUMENT

### a. Plaintiff is Entitled to An Asset Restraint in this Suit

Plaintiff requests an ex parte restraint of Defendants' assets so that Plaintiff's right to an equitable accounting of Defendants' profits from Defendants' sales of infringing products is not frustrated. Issuing an ex parte restraint will ensure Defendants' compliance. If such a restraint is not granted in this case, Defendants may disregard their instructions from the Court and merely transfer financial assets overseas to accounts out of reach of this jurisdiction. Specifically, upon information and belief, the Defendants in this case hold most of their assets in offshore accounts, making it simple to dispose or remove assets, which will render an accounting by Plaintiff to be ineffective and meaningless.

Courts have the inherent authority to issue a prejudgment asset restraint when a complaint seeks relief in equity. Cengage Learning, Inc. v. Doe 1, No. 18-cv-403, 2018 WL 2244461, at *3 (S.D.N.Y. Jan. 17, 2018) ("where Plaintiff seek both equitable and legal relief in relation to specific funds, a court retains its equitable power to freeze assets") (internal quotations and citations omitted); Chrome Cherry, 2021 WL 6752296, at *2 (asset restraint warranted in design patent infringement case); CSC Holdings, Inc. v. Redisi, 309 F.3d 988 (7th Cir. 2002) ("since the assets in question . . . were the profits of the [defendants] made by unlawfully stealing [the Plaintiffs'] services, the freeze was appropriate and may remain in place pending final disposition of this case."); see also Cengage Learning, 2018 WL 2244461 (the Court recognized that it was explicitly allowed to issue a restraint on assets for lawsuits seeking equitable relief (citing Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, 527 U.S. 308, 324–26 (1999))). When a plaintiff seeks an accounting of the defendants' profits, an equitable remedy, courts have found that they have the authority to freeze the defendants' assets. Animale Grp. Inc. v. Sunny's Perfume Inc., 256 F. App'x

707, 709 (5th Cir. 2007); Levi Strauss & Co. v. Sunrise Int'l Trading Inc., 51 F.3d 982, 987 (11th Cir. 1995); Reebok Int'l Ltd. v. Marnatech Enters., Inc., 970 F.2d 552, 559 (9th Cir. 1992).

Plaintiff has demonstrated a strong likelihood of success on the merits of Plaintiff's patent infringement claim. Seventy-five Defendants on the Amended Schedule A infringe Plaintiff's design patent (See Exhibit Infringed Patent List). Under 35 U.S.C. § 289, Plaintiff is entitled to recover "the extent of [Defendants'] total profit." Plaintiff seeks this, among other relief, from those Defendants due to Defendants' unlawful acts, and Plaintiff demonstrates a strong likelihood of succeeding on the merits of Plaintiff's design patent infringement claim. This Court thus has the inherent authority to grant Plaintiff's request for a prejudgment asset freeze to preserve the effectiveness of the relief sought. Fourteen Defendants on the Amended Schedule A infringe Plaintiff's utility patent (See Exhibit Infringed Patent List). Because Plaintiff has shown a strong likelihood of succeeding on the merits of its patent infringement claim, according to 35 U.S.C. § 284, Plaintiff is entitled to "damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court." Plaintiff's Verified Complaint seeks, among other relief, that Defendants account for and pay to Plaintiffs a reasonable royalty pursuant to 35 U.S.C. § 284, which would be difficult to calculate without first knowing the extent of Defendants' sales and profits. Therefore, this Court has the inherent equitable authority to grant Plaintiff's request for a prejudgment asset freeze to preserve relief sought by Plaintiff.

Plaintiff has shown a likelihood of success on the merits and an immediate and irreparable harm suffered as a result of Defendants' activities. Unless Defendants' assets are temporarily frozen, Defendants will likely hide or move their unlawfully obtained funds to offshore bank accounts. Accordingly, an asset restraint is appropriate and proper.

### b. All Seller are Capable of Shipping to Illinois

As Judge said, some screenshots of prior Schedule B attached under Declaration of Haifeng Li did not show that the seller is capable of shipping to Illinois, because the product is "[c]urrently unavailable" on the screenshots.

For fix this problem, Plaintiff removes these Defendants from Schedule A. Now, every Defendant on Amended Schedule A is capable of shipping to Illinois (*See* Exhibit Amended Schedule A, Exhibit Amended Schedule Bs).

### c. A Product-by-Product Analysis.

To obtain injunctive relief based on a design patent, the plaintiff must submit documents that (1) specify which design patent, if any, each defendant is accused of infringing, (2) analyze which ornamental components are shared between the accused product and the asserted design patent, and (3) analyze which of those shared features are not present in the prior art. This requires a product-by-product analysis. In other words, the plaintiff must provide, for each of the accused defendants' allegedly infringing products, an analysis of which components are shared or not shared with specified design patents as well as with the prior art.

Following Judge's order, Plaintiff submits a list which provides, for each of the accused defendants' allegedly infringing products, an analysis of which components are shared or not shared with specified design patents as well as with the prior art (*See* Exhibit Infringed Patent List).

### d. Prior Complaint

Plaintiff is required to supplement its motion with a listing of all prior online trademark, copyright, or patent infringement cases (also known as "Schedule A" cases) filed in any court in the United States in which it was a plaintiff, a listing of any of the defendants included in the

Schedule A in this case that the plaintiff has previously named as a defendant in any prior complaint or Schedule A case.

Plaintiff filed patent infringement Schedule A case once to Northern District of Illinois on July 01, 2024 (*See* Exhibit Prior Complaint 5527). The case number is 1:24-cv-05527. Plaintiff was named as XYZ Limited. The Defendants in prior complaint (1:24-cv-05527) are ninety-nine. The Defendants in current complaint (1:24-cv-07649) are eighty-nine. All of the Defendants in current complaint are included in prior complaint (*See* Exhibit Schedule A 5527, Exhibit Amended Schedule A).

### III. CONCLUSION

Plaintiff's business continues to be irreparably harmed by Defendants' business enterprise based on infringement of the Plaintiff's Patent. Without entry of the requested relief, Defendants' infringement of the Plaintiff's Patent in connection with the making, using, offering to sell, selling, or importing of the infringing products will continue to irreparably harm Plaintiff. Therefore, entry of an *ex parte* order is necessary. After renewing and correcting the issue in prior TRO, Plaintiff respectfully requests that this Court enter a Temporary Restraining Order in the form submitted herewith.

Dated: September 27, 2024

Respectfully submitted,

/s/Zhiwei Hua
1360 Valley Vista Dr, Suite 140,
Diamond Bar CA 91765
Bar No. 6099105
huazhiwei@concordsage.com
Phone: (216)3923236

*Counsel for Plaintiff*